UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:09-cr-89 |
| | ) | COLLIER/CARTER |
| ERIC M. COUSIN | ) | |

REPORT AND RECOMMENDATION

I. Introduction

The defendant's Motion to Suppress Evidence (Doc. 22) is pending before the undersigned Magistrate Judge having been referred by the District Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Defendant's motion arises from a traffic stop occurring on January 27, 2009, in East Chattanooga made by Officer Marvin Crider. The defendant asserts Officer Crider violated the Equal Protection Clause of the Fourteenth Amendment by selectively enforcing a traffic violation because of the defendant's race and gender. Defendant seeks ultimately suppression of the evidence found in his vehicle following the traffic stop. Defendant also seeks additional discovery in regard to his Equal Protection claim and a subsequent evidentiary hearing on this motion. For the reasons stated herein, it is RECOMMENDED the defendant's motion to suppress (Doc. 22) and his request for additional discovery and an evidentiary hearing be DENIED.

II. Relevant Facts

The undersigned's factual findings concerning Officer Crider's stop of the defendant on January 27, 2009 for traffic violations have been set forth in detail in the report and recommendation entered on November 18, 2009 (see Doc. 30). Those finding are incorporated herein, and I will repeat only what is necessary to analyze this particular motion.

On January 27, 2009, Officer Crider stopped the defendant driving a Suburban in a federal "weed and seed" area in East Chattanooga, Tennessee for failing to stop at a stop sign, failing to wear a seatbelt, and having a cracked side mirror on his vehicle. During the course of the traffic stop, defendant gave consent to search his vehicle. Officer Crider searched the vehicle and found marijuana, cocaine, and a firearm. These items form the basis of the three charges against defendant in the instant case. In the November 18, 2009 report and recommendation, the undersigned addressed the defendant's first motion to suppress, raised solely on Fourth Amendment grounds, and determined Officer Crider had not violated any of the defendant's Fourth Amendments rights on January 27, 2009. The undersigned recommended defendant's motion to suppress be denied.

### III. Analysis

In this second motion to suppress, the defendant asserts an entirely different basis for suppression of the marijuana, cocaine, and firearm. It is defendant's contention that Officer Crider targets African American males for traffic violations and did so on January 27, 2009 when he stopped the defendant. In support of this contention, the defendant offers a preliminary statistical analysis that from January 1, 2008 through June 30, 2009, 97% of Officer Crider's traffic stops leading to arrests or citations were traffic stops of black males. (Defendant's memorandum at 5, Doc. 23). Further, according to other information offered by the defendant, in the area in which the defendant was stopped, African-Americans comprise 40% to 24% of the population while white persons comprise 53% to 72% of the population. Thus, argues the defendant, such a dramatic disparity between the percentage of African Americans in the population and the percentage of African Americans stopped by Officer Crider for traffic

2

violations "at the very least creates an inference that Officer Crider improperly decided to initiate the traffic stop in the instant case based on an improper basis (i.e. race.)." *Id.* at 7.

Defendant requests an opportunity to conduct further discovery concerning this alleged statistical disparity and, following discovery, to present his evidence at an evidentiary hearing. The purpose of the evidentiary hearing would be to determine whether Officer Crider, in violation of the Equal Protection Clause of the Fourteenth Amendment, intentionally chose to enforce the traffic laws against defendant because is he an African American male. Defendant further argues that, in the event the Court were to determine that Officer Crider had violated the Equal Protection Clause of the Fourteenth Amendment, the proper remedy would be to exclude all evidence obtained during the search of defendant's vehicle from the trial in this case.

Intentionally applying laws in such a manner as to discriminate against a person on the basis of their race is a violation of the Equal Protection Clause of the Fourteenth Amendment. *Whren v. United States*, 517 U.S. 806, 813 (1996) ("the constitutional basis for objecting to intentionally discriminatory application of laws is the Equal Protection Clause, not the Fourth Amendment"); *Stemler v. City of Florence*, 126 F.3d 856, 873 (6th Cir. 1997) (the Equal Protection Clause prohibits selective enforcement of the law based on considerations such as race.) Under the doctrine of selective enforcement, if a defendant can prove that he was intentionally singled out for punishment because of membership in a protected group, then the court should dismiss the case. *Gardenhire v. Schubert*, 205 F.3d 303, 318-19 (6th Cir. 2000); *Stemler*, 126 F.3d at 874. However, in the instant case, the defendant is not charged with the traffic violations for which Officer Crider stopped him. He is charged with felony drug and gun crimes on the basis of contraband found in his car following a consensual search of his car after

3

the traffic stop was effected. The question before the undersigned is whether suppression of the evidence can be a proper remedy in the event that the Court were to find an Equal Protection violation by police.

Defendant has raised significant, important concerns about whether the law enforcement officer in question targeted him because he is an African American male. Nevertheless, based on *United States v. Nichols*, 512 F.3d 789 (6th Cir. 2007), the undersigned concludes that it is the law in the Sixth Circuit that suppression of evidence is not an appropriate remedy for an Equal Protection violation by police.

In *Nichols*, a law enforcement officer during routine patrol noticed a number of black men congregating in and about a vehicle near a university. As the officer drove by, the men quickly walked away. Finding the behavior suspicious, the officer ran a tag check on the vehicle and learned it was registered to defendant Elbert Nichols. The officer then decided to run a warrant check on Nichols and learned he had an outstanding warrant for robbery. The officer positioned himself to observe the vehicle and after it started to drive away, the officer detained it and put defendant Nichols under arrest. Police subsequently searched defendant Nichols' vehicle and found a loaded firearm. Nichols was then charged as a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Nichols moved to suppress the firearm as evidence in the case on the ground that the officer violated his Equal Protection Rights because his decision to run the tag and warrant check on him was motivated by defendant Nichols' race.

The *Nichols* court reviewed what it deemed dicta from previous Sixth Circuit decisions and *Whren v. United States*, 517 U.S. 806 (1996) and agreed that if the officer's decision to run the checks was motivated by race, then such conduct "may violate the Fourteenth Amendment."

4

*Nichols*, 512 F.3d at 794.  However, the *Nichols* court did not agree that suppression was the proper remedy.  "[W]e do not agree that the proper remedy for such violations is *necessarily* suppression of the evidence otherwise lawfully obtained." *Id.* (emphasis added).  Defendant Cousins argues that use of the word "necessarily" opens the door for suppression in this case because the alleged Equal Protection violation, actually detaining Cousins for a traffic violation because of his race, is more serious than running a warrant check because of race prior to detention.  However, if use of "necessarily" leaves doubt as to the *Nichols* court's conviction that suppression is not a proper remedy for Equal Protection violations, the following language eliminates such doubt:

> The exclusionary rule is typically applied as a remedy for Fourth Amendment violations, which Amendment does not apply to pre-contact investigatory steps like that presented here (the decision to run a warrant check). *See Avery*, 137 F.3d at 353 ("[A]n officer's actions during the pre-contact stage cannot give rise to Fourth Amendment constitutional concerns because the citizen has not yet been 'seized.' "). *Even if the Fourth Amendment were implicated, any challenge to a search or seizure based on legitimate probable cause, but in which it is alleged the officer's subjective motive was discriminatory, is doomed to fail. See Whren*, 517 U.S. at 813, 116 S.Ct. 1769 (unanimously rejecting such a challenge and holding that "[s]ubjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis"). Though the Court left open the door to equal protection challenges in the same context, it gave no hint as to what the appropriate remedy would be. *See ibid*. Since we know from *Whren* that the evidence against Nichols would not be suppressed under the Fourth Amendment (even if the officers were improperly motivated by race), we are reluctant to graft that Amendment's traditional remedy into the equal protection context. Indeed, we are aware of no court that has ever applied the exclusionary rule for a violation of the Fourteenth Amendment's Equal Protection Clause and *we decline Nichols's invitation to do so here. Rather, we believe the proper remedy for any alleged violation is a 42 U.S.C. § 1983 action against the offending officers*.

*Id.* at 794 (emphasis added, footnote omitted).

Defendant Cousins correctly notes that the *Nichols* court went on to evaluate the strength

5

Case 1:09-cr-00089-TRM-CHS   Document 34   Filed 11/23/09   Page 5 of 6   PageID #: 199

of defendant Nichols' Equal Protection claim and found it lacking, *see id.* at 795-96, but that fact does not render the earlier part of its opinion non-binding. The *Nichols* court offered that evaluation as an alternative basis to affirm the denial of Nichols' motion to suppress. It does not give this court authority to add a remedy that the Sixth Circuit says does not exist.[1] Unless and until the Sixth Circuit or the Supreme Court decides otherwise, it is the law in this circuit that the exclusionary rule is not an appropriate remedy for an Equal Protection violation by police. An aggrieved party must seek a remedy though an action brought under 42 U.S.C. § 1983.

## IV. Conclusion

Because the exclusionary rule is not an appropriate remedy for an Equal Protection violation by police pursuant to *United States v. Nichols*, 512 F.3d 789 (6th Cir. 2007), it is RECOMMENDED that defendant's motion to suppress and defendant's request for additional discovery and an evidentiary hearing on his Equal Protection claim be DENIED.[2]

Dated: November 23, 2009                         s/William B. Mitchell Carter
                                                 UNITED STATES MAGISTRATE JUDGE

---

[1] *See also Nichols*, 512F.3d at 796 ("Given Nichols's failure to establish a *prima facie* case that [police] acted with discriminatory purpose, and *our refusal to adopt his preferred remedy even if he had*, his equal protection claim fails.") (emphasis added).

[2] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).